By the Court, Cowen, J.
It was the duty of the deputy to proceed with the execution of One ft. fa. according to its exigency. This he neglected to do, till his principal was attached and compelled to pay the money. Instead of this being done directly, the deputy paid and took- an assignment of the judgment to himself. To this the defendants had ho objection. They *567 rather appear to have countenanced the transaction, and to have incurred a moral obligation which one is sorry to see violated. I think, however, there are principles of policy involved in the case which forbid the execution to be enforced at law. In the first place, it would tend little to the prompt execution of a sheriff’s duty, if we should encourage him to delay by holding out the hope that he may save himself through any expedient. It is but another name for encouragement to violate his duty; and cases of abstract morality will soon be invoked as a precedent for the most flagrant instances of misconduct. Again, officers may thus be enabled to make a profit by oppressing defendants ; and it is-on this principle mainly that Reed v. Pruyn (7 John. 426) and Sherman v. Boyce (15 id. 443) were decided. The defence in the latter case, I remember, was so hard in itself, that on the first trial the jury refused, under the most pointed direction from the judge, to find for the plaintiff. To be sure, these were cases in which the payment was direct in point of form. The money was advanced as a payment. So in reality of the money in the principal case. The act was, indeed, called by another name—that of purchase and assignment—a thing- in which no plaintiff will refuse to be a party, if the sheriff will pay him .the money. It does not change the real character of the transaction. It is the officer paying for the defendant, and retaining the execution for his own indemnity and as a means, of annoyance, perhaps of oppression, to the defendants. To allow this change of form to change the effect, would be a fraud upon the rule established by the cases cited. It would be moreover to violate the rule that where the law forbids a thing to be directly done, it shall not be done indirectly.
Motion granted.